James S. Monroe, Esq. (SBN 102328)
NIXON PEABODY LLP
One Embarcadero Center, Suite 1800
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
E-mail: jmonroe@nixonpeabody.com

Attorneys for Creditor, Roosevelt Fund, L.P.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　Plaintiff,<br><br>v.<br><br>VIPER CAPITAL MANAGEMENT, LLC, et. al,<br>Defendants.<br><br>and<br><br>COMPASS WEST FUND, et al.,<br>Relief Defendants. | Nos. C 06-06966 SI; and<br>C 07-02507 SI; C 07-02508 SI;<br>C 07-2509 SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINT ADMINISTRATION (ORIGINALLY FILED WITH THE BANKRUPTCY COURT ON APRIL 9, 2007)**<br><br>Date: July 13, 2007<br>Time: 9:00 a.m.<br>Place: Courtroom 10<br>Judge: Hon. Susan Illston |
| In re:<br><br>EDWARD SEWON EHEE,<br>　　　Debtor. | |
| In re:<br><br>COMPASS FUND MANAGEMENT,<br>　　　Debtor. | |
| In re:<br><br>COMPASS WEST FUND L.P.,<br>Debtor. | |

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR JT. ADM. & REQUEST FOR A STATUS
CONFERENCE - CASE NO. 06-06966

10632371.1

The undersigned hereby refiles the attached document originally filed with the U.S. Bankruptcy Court N.D. Cal. on April 9, 2007.

Dated: June 27, 2007

Respectfully Submitted,

NIXON PEABODY LLP


By: /s/ James S. Monroe
    James S. Monroe, Esq.
Attorneys for Creditor,
Roosevelt Fund, L.P.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
OF MOTION FOR JT. ADM. & REQUEST FOR A STATUS
CONFERENCE - CASE NO. 06-06966

-2-

10632371.1

1  James S. Monroe, Esq. (SBN 102328)
   NIXON PEABODY LLP
2  One Embarcadero Center, Suite 1800
   San Francisco, CA 94111-3996
3  Telephone: (415) 984-8200
   Facsimile: (415) 984-8300
4  E-mail: jmonroe@nixonpeabody.com

5  Attorneys for Creditor, Roosevelt Fund, L.P.

6
                    UNITED STATES BANKRUPTCY COURT
7
                    NORTHERN DISTRICT OF CALIFORNIA
8
                            OAKLAND DIVISION
9
   In re:                              Case No. 07-40126
10                                     Chapter 7
   EDWARD SEWON EHEE,
11
                Debtor.
12

13 In re:                              Case No. 07-40129
                                       Chapter 7
14 COMPASS FUND MANAGEMENT,

15              Debtor.

16
   In re:                              Case No. 07-40130
17                                     Chapter 7
   COMPASS WEST FUND L.P.,
18                                     **MEMORANDUM OF POINTS AND**
   Debtor.                             **AUTHORITIES IN SUPPORT OF MOTION**
19                                     **FOR JOINT ADMINISTRATION AND**
                                       **REQUEST FOR A STATUS CONFERENCE**
20
                                       Date: May 3, 2007
21                                     Time: 3:00 p.m.
                                       Place: Courtroom 201
22                                     Judge: Hon. Leslie J. Tchaikovsky

23

24

25

26

27

28
   MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT
   OF MOTION FOR JT. ADM. & REQUEST FOR A STATUS                    10512543.1
   CONFERENCE

Roosevelt Fund, L.P. ("Roosevelt Fund")[1] by and through its counsel, Nixon Peabody LLP, hereby files its motion (the "Motion") for entry of an order directing the joint administration of the above captioned chapter 7 cases and ordering a status conference to be held on May 3, 2007, or the Court's earliest convenience. In support of this Motion, Roosevelt Fund respectfully states as follows:

## I.    JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and § 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## II.    FACTUAL BACKGROUND

On November 11, 2006, the Securities and Exchange Commission (the "SEC") initiated an action against Viper Capital Management, LLC, Compass Fund Management, LLC, Edward Ehee, Compass West Fund, LP, Viper Founders Fund, LP, Viper Investments, LP, Albert Ehee, Robert Ehee, and Jennifer Ehee alleging various securities fraud violations, in the United States District Court for the Northern District of California (San Francisco Division), Case No. 06-06966 (the "SEC Litigation").

Shortly thereafter, on November, 22, 2006, Roosevelt Fund filed a complaint (the "Complaint") against the above captioned debtors (the "Debtors")[2] alleging, *inter alia*, violation of federal securities laws; breach of contact; unjust enrichment; breach of fiduciary duty; fraud; conspiracy to commit fraud; negligent misrepresentation; fraudulent conveyance; constructive

---

[1]    Roosevelt Fund, L.P. was previously known as A.A.G. Roosevelt Fund, L.P. and its official corporate name was previously Anira Advisory Group Roosevelt Fund, L.P.

[2]    Upon information and belief, Compass Fund Management, LLC and Compass West Fund L.P. are entities that were owned and/or controlled by the Mr. Ehee.

fraudulent conveyance; violation of Cal. Bus. & Prof. Code §17200; constructive trust; and seeking declaratory relief, in the United States District Court for the Northern District of California (San Francisco Division) Case No. 06-7270.

The Debtors failed to answer the Complaint and are subject to default pursuant to Fed. R. Civ. P. 55.

On January 12, 2007 (the "Petition Date"), Roosevelt Fund filed involuntary petitions against the above captioned debtors (the "Debtors") under chapter 7 of the Bankruptcy Code.

These three closely related cases were being administered under three different. See In re Compass West Fund L.P. (Bankr. N.D. Cal. (San Francisco) Case No. 07-40130, Hon. R. Newsome presiding); In re Compass Fund Management (Bankr. N.D. Cal. (San Francisco) Case No. 07-40129, Hon. E. Jellen presiding); In re Edward Sewon Ehee, (Bankr. N.D. Cal. (San Francisco) Case No. 07-40126, Hon. L. Tchaikovsky presiding).

On April 5, 2007, this Court entered an order transferring all three cases to Judge Tchaikovsky.

On February 22, 2007, Roosevelt Fund and the Debtors entered into a stipulation to extend time to respond to the involuntary petitions in each case to February 28, 2007. See e.g. Case No. 07-40126, Dkt. No. 6.

On February 28, 2007, Mr. Ehee responded to the involuntary petition filed against him (Case No. 07-40126, Dkt. No. 8). Neither Compass West Fund LP nor Compass Fund Management, LP has responded to the involuntary petitions filed against them.

On February 20, 2007, the Hon. Randall J. Newsome entered an order for relief in an involuntary case against Compass West Fund LP (Case No. 07-40130, Dkt. No. 5). A trustee was appointed in this case and a section 341(a) meeting of creditors has been scheduled for April 17, 2007.

On March 29, 2007, Roosevelt Fund filed a motion for entry of an order granting relief requested in the petition filed against Compass Fund Management, LP pursuant to Federal Rule of Bankruptcy Procedure Rule 1013.

MOTION FOR JOINT ADMINISTRATION OF CASES           -2-

10512543.1

Roosevelt Fund is currently in discussions with the SEC concerning the status of the SEC Litigation and matters that may impact the prosecution of the bankruptcy cases and claims that might be brought against third parties in these bankruptcy cases.

Upon information and belief, there may be creditors who have received fraudulent, preferential or otherwise avoidable transfers under applicable State and Federal Law from one or more of the Debtors.

## III. RELIEF REQUESTED

In order to optimally administer the Debtors' pending Chapter 7 Cases, by this Motion, Roosevelt Fund seeks entry of an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration, for procedural purposes only, under the case number assigned to Edward Sewon Ehee ("Mr. Ehee").

Further, Roosevelt Fund requests that a status conference be held to determine the procedural posture of these cases and to establish a discovery and litigation schedule for the contested petition of Mr. Ehee pursuant to section 105(a) of the Bankruptcy Code.

### A. JOINT ADMINISTRATION OF THESE CASES IS WARRANTED.

Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates." See Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 102(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

By jointly administering these cases, the Debtors and their creditors will be able to reduce the fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents.

Entry of an order directing the joint administration of these chapter 7 cases will avoid duplicative notices, applications, and orders, thereby saving the Debtors and their creditors considerable time and expense. The rights of creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates. The rights of

all creditors will be enhanced by the reduced costs that will result from the joint administration of these chapter 7 cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter cases by a single chapter 7 trustee will be simplified.

Accordingly, Roosevelt respectfully requests the caption of these chapter 7 cases to be modified to reflect the joint administration of these chapter 7 cases, as follows:

| In re:<br><br>EDWARD SEWON EHEE, et al.,<br><br>Debtors. | Case No. 07-40126<br>Jointly Administered<br>Chapter 7 |
|---|---|

Roosevelt Fund also seeks the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of these cases:

> "An order has been entered in this case directing the procedural consolidation and joint administration of this chapter 7 case. The docket in Case No. 07-40126 should be consulted for all matters affecting these cases."

### B. REQUEST FOR A STATUS CONFERENCE

As the involuntary petitions of each of the Debtors are currently in different phases, it is appropriate for this Court to order a status conference. Roosevelt Fund suggests that May 3, 2007, concurrently with the hearing of this Motion or at any time earlier at the Court's convenience, would be an appropriate date to determine the procedural posture of these cases going forward.

Pursuant to section 105 of the Bankruptcy Code, this Court "may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

Roosevelt Fund requests, that with the joint administration of these cases, a single chapter 7 trustee be appointed in these cases, without prejudice to Roosevelt Fund's ability to elect a trustee pursuant to § 702 of the Bankruptcy Code.

Further, Roosevelt Fund requests that at the status conference, the Court establish a discovery and trial schedule relating to the litigation of Mr. Ehee's contested chapter 7 petition.

## IV. CONCLUSION

No prior motion for relief requested herein has been made to this or any other court.

WHEREFORE, Roosevelt Fund respectfully requests entry of an order, substantially in the form attached to the Motion as Exhibit A, (a) directing the joint administration of these chapter 7 cases; (b) scheduling a status conference for May 3, 2007 or such date that is so ordered by this Court; and, (c) granting such other further relief as just and proper.

Dated: April 9, 2007

Respectfully Submitted,

NIXON PEABODY LLP


By: /s/ James S. Monroe
    James S. Monroe, Esq.
    Attorneys for Creditor,
    Roosevelt Fund, L.P.