1   James D. Wood, St. Bar. No. 106936
    Attorney at Law
2   3675 Mount Diablo Boulevard, Suite 250
    Lafayette, California  94549-3775
3   Tel. (925) 284-9663
    Fax. (925) 283-9663
4   E-mail: jdw@jdwoodlaw.com

5   Attorney for Debtor Edward S. Ehee

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  SECURITIES AND EXCHANGE                No. C 06-06966 SI and 06-7270 SI;
    COMMISSION,                            07-02507 SI; 07-02508 SI; 07-02509 SI

13                                         (Formerly: U.S. Bk. Ct. N.D. Cal. Involuntary
            Plaintiff,                     Chapter 7 Case Nos. 07-40126T, 07-40129T,
14                                         07-40130T)

        v.
15

16  VIPER CAPITAL MANAGEMENT, LLC,
    et al.,                                MEMORANDUM OF POINTS AND
17                                         AUTHORITIES IN SUPPORT OF EDWARD
            Defendants,                    EHEE'S MOTION FOR ORDER
18                                         AUTHORIZING SALE OF PROPERTY

19  and

20  COMPASS WEST FUND, et al.,             **[No Hearing Scheduled]**

21          Relief Defendants.            (Local Bankruptcy Rule 9014-1(b)(3))

22  In re:

23  EDWARD SEWON EHEE, et al.,

24  Debtors.

25

26          EDWARD SEWON EHEE ("Ehee" or "Debtor"), submits the following memorandum of

27  points and authorities in support of the above-captioned motion (the "Motion"):

28

    MEMO. OF P&A IN SUP. OF EHEE'S MOT. FOR ORDER
    AUTH. SALE OF PROP., No. C 06-06966 SI

1

## I.    INTRODUCTION

Ehee is seeking to sell his home because if he does not do so, the property will be lost to foreclosure -- a foreclosure sale was stayed in January by operation of the involuntary bankruptcy case now pending against him.  To protect the equity and to preserve the status quo with respect to the various parties' legal rights, Ehee has marketed the property through an independent broker and now proposes to sell the property for $1,345,000 as further detailed below.

Ehee needs this Court's permission to do so because the proposed buyer's title company will not insure title in connection with the purchase without an order authorizing the sale.

## II.    FACTS

On November 8, 2006, the Securities and Exchange Commission ("SEC") filed an action against Ehee and others alleging violations of the federal securities laws alleging in substance that Ehee made various false representations to securities investors.  *Securities & Exchange Commission v. Viper Capital Management, LLC, et al.* (U. S. Dist. Ct. N.D. Cal. Case No. C-06-6966-SI) (the "SEC Action") which is one of the related actions captioned above.  On November 22, 2006, this Court entered a stipulated preliminary injunction, thereby extending a prior temporary restraining order, among other things, prohibiting Ehee from disposing of assets except under conditions authorized by the injunction (the "Preliminary Injunction").  Paragraph IV of the Preliminary Injunction contemplates a procedure for the sale of Ehee's real property and for deposit of the proceeds thereof with the registry of the this Court.  That procedure does not require Ehee to obtain court approval to sell his home.

But, on January 12, 2007[1] Roosevelt Fund, L.P. ("Roosevelt") commenced three involuntary bankruptcy cases, including one against Ehee.  Ehee has denied the substantive

---

[1] On November 22, 2006, Roosevelt had filed an action against Ehee and others asserting various claims under the securities and other laws alleging in substance that it had incurred substantial losses as a result of false representations made by Ehee.  *AAG Roosevelt Fund, L.P. v. Edward*

allegations against him contained in the SEC Acton and the Roosevelt Action and has opposed

the bankruptcy petition against him[2]. No order for relief has been entered in that case. Upon

motion of the SEC, this Court withdrew jurisdiction of the three involuntary bankruptcy cases

from the Bankruptcy Court by order entered June 22, 2007. Hence, this Motion is addressed to

the District Court in its capacity as the court exercising jurisdiction over the Ehee involuntary

bankruptcy case.

### III.    RELIEF REQUESTED

As stated in the Motion, Ehee seeks an order authorizing him to sell 6122 Acacia Ave.,

Oakland, California[3] under 11 U.S.C. ("Bankruptcy Code") Sect. 363[4] substantially in accordance

with the "Residential Purchase Agreement and Joint Escrow Instructions" attached to the

Declaration of Edward Ehee filed contemporaneously herewith subject to such extensions of

closing deadlines as the parties may execute. The sale shall be subject to the following:

1.    The purchase price shall be $1,345,000;

2.    Closing shall occur within 14 days of the entry of the order approving the
      sale unless both parties agree to an extension of such deadline;

3.    Normal and regular closing costs, all valid liens and encumbrances, and
      real estate commissions shall be paid from escrow;

4.    Proceeds of the sale net of such costs, commissions, and liens shall paid
      into the registry of the Court;

5.    Ehee shall comply with paragraph IV of the Preliminary Injunction; and

6.    Ehee shall be authorized to modify the terms of the sale or sell to a
      different buyer so long as the terms of such sale are not less favorable to

---

*Sewon Ehee, et al.*, U. S. Dist. Ct. N.D. Cal. Case No. C-06-7270 SI (the "Roosevelt Action")
which is also one of the related actions pending before this Court.

[2] Orders for relief have been entered in the other two
involuntary bankruptcy cases and bankruptcy trustees appointed in the other two
involuntary bankruptcy cases.

[3] Record title stands in the name of Ehee but may be subject to an unrecorded community
property interest of Ehee's wife.

[4] Extracts from relevant provisions of the Bankruptcy Code and the Fed.R.Bankr.P. are attached
hereto as an appendix including Sect. 363.

the seller than those set-forth above and Ehee otherwise complies with paragraph IV of the Preliminary Injunction with respect to any such proposed modification or alternative buyer.

7.     The Court shall waive the 10 day stay of the order approving the sale to the extent otherwise applicable under Fed.R.Bankr.P. 6004(g).

## IV.    ARGUMENT

Ehee has marketed the property with an independent broker and has accepted an offer. The proposed buyer has offered more than any other proposed buyer and is unrelated to Ehee. Ehee has had no prior dealings with the proposed buyer financial or otherwise. Ehee believes that the buyer's offer constitutes the best offer obtainable[5]. If the sale is closed and the proceeds transferred to the registry of the Court as contemplated by the Preliminary Injunction and this Motion, the risk of foreclosure will end and the rights of Ehee's creditors will be preserved and protected.

The involuntary petition filed against Ehee under Bankruptcy Code Sect. 303(b) created a bankruptcy estate under Bankruptcy Code Sect. 541(a) which includes "all legal and equitable interests of the debtor in property as of the commencement of the case." Bankruptcy Code Sect. 363 sets forth a general rule in bankruptcy cases that a trustee may not use sell or lease property of the bankruptcy estate out of the ordinary course of business except after notice and opportunity for a hearing. In practice this means that in cases involving the sale of real property, the Bankruptcy Court is almost always requested to sign an order authorizing the proposed sale after notice to creditors due to the requirements of title insurance companies.[6]

Bankruptcy Code Sect. 303(f), provides that until the entry of an order for relief, notwithstanding Bankruptcy Code Sect. 363, a debtor in an involuntary bankruptcy case is

---

[5] Ehee does not intend to oppose a reasonable overbidding procedure sought by any party in interest who believes materially more advantageous bids on the property may be forthcoming.

[6] See, e.g., Guidelines re Sale Orders, U.S. Bankruptcy Court, N.D. Calif. available at http://www.canb.uscourts.gov/canb/Documents.nsf/4d60469b5bf702148825671d00666477/0ab5 3fcf12c317598825732b007dd00c?OpenDocument

permitted to use, acquire, or dispose of property as if no bankruptcy case were pending.  But the left hand takes away what the right hand gives.  Under Bankruptcy Code Sect. 549(a)(2) and (b), subsequent to an order for relief and subject to certain limitations, a trustee may avoid various transactions, "authorized only under section 303(f)".  Hence, refusing to rest upon the limited buyer protections contained in Sect. 549(a)(2) and (b), the buyer's title insurance company has insisted upon Ehee obtaining an order authorizing the proposed sale under Sect. 363.

Fed.R.Bankr.P. 6004 governs the procedure for the sale of property out of the ordinary course of business.  It provides for 20 days notice to all creditors and to the U.S. Trustee.  This motion is being served on all creditors who have been publicly identified or otherwise appeared in the case to date.  Rule 6004(g) provides for an automatic 10 day stay of an order authorizing the sale of property out of the ordinary course unless waived by the Court.  Ehee requests that the Court waive the stay in view of the importance of closing the transaction as soon as possible and the risk that the buyer will be unable to close if the transaction is delayed.

## V.    CONCLUSION

Ehee requests that the Court enter its order authorizing the relief as described above.

Respectfully submitted,

DATED: September 13, 2007

/s/ James D. Wood

_____
James D. Wood
Attorney for EDWARD S. EHEE

1

2

**APPENDIX**
**(SELECTED STATUTES & RULES)**

**U.S. Bankruptcy Code:**

3

**Sect. 303(b):**

4

An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title . . .

5

**Sect. 303(f):**

6

7

8

Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.

9

**Sect. 363(b)(1):**

10

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .

11

**Sect. 541(a):**

12

13

14

The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of theca's . . ."

15

**Sect. 549(a) and (b):**

16

    (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

17

18

        (1) that occurs after the commencement of the case; and
        (2)
            (A) that is authorized only under section 303 (f) or 542 (c) of this title; or
            (B) that is not authorized under this title or by the court.

19

20

21

22

    (b) In an involuntary case, the trustee may not avoid under subsection (a) of this section a transfer made after the commencement of such case but before the order for relief to the extent any value, including services, but not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

23

24

25

26

27

28

1  **Fed.R.Bankr.P. 2002:**

2  (a) Twenty-day notices to parties in interest.

3  Except as provided in subdivisions (h), (i), and (l) of this rule, the clerk, or some other person
as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at

4  least 20 days' notice by mail of:

5                                      * * * *

6  (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course
of business, unless the court for cause shown shortens the time or directs another method of

7  giving notice;

8                                      * * * *

9  (c) Content of notice.

10  (1) Proposed use, sale, or lease of property. Subject to Rule 6004 the notice of a proposed
use, sale, or lease of property required by subdivision (a)(2) of this rule shall include the

11  time and place of any public sale, the terms and conditions of any private sale and the time
fixed for filing objections. The notice of a proposed use, sale, or lease of property,

12  including real estate, is sufficient if it generally describes the property.

13  **Fed.R.Bankr.P. 6004:**

14  (a) Notice of proposed use, sale, or lease of property.

15  Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the
ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) and,

16  if applicable, in accordance with § 363(b)(2) of the Code.

17  (b) Objection to proposal.

18  Except as provided in subdivisions (c) and (d) of this rule, an objection to a proposed use,
sale, or lease of property shall be filed and served not less than five days before the date set

19  for the proposed action or within the time fixed by the court. An objection to the proposed
use, sale, or lease of property is governed by Rule 9014.

20                                   * * * * *

21  (g) Stay of order authorizing use, sale, or lease of property.

22  An order authorizing the use, sale, or lease of property other than cash collateral is stayed
until the expiration of 10 days after entry of the order, unless the court orders otherwise.

23

MotionHomesteadDec070518_01.doc 9/13/07 JDW

24

25

26

27

28